**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:33 pm, Dec 14, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>05-30750</u> |
| JULIE ELAINE SHEFFIELD | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| TODD BOUDREAUX, | ) | |
| CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding |
| vs. | ) | Number <u>11-03008</u> |
| | ) | |
| JULIE ELAINE SHEFFIELD, | ) | |
| SCOTT J. KLOSINSKI, | ) | |
| FRANCES L. DUPREE AND | ) | |
| JULIAN L. DUPREE | ) | |
| | ) | |
| Defendants | ) | |

<u>ORDER</u>

For the reasons set forth on the record at the November 28, 2012 trial and for those set forth herein, the Chapter 7 Trustee's ("Trustee's") complaint for sale of the subject property known as 5926 Peacock Avenue ("Peacock Avenue") pursuant to 11 U.S.C. §363(h) is denied.

<u>FINDINGS OF FACT</u>

Julian and Frances Dupree ("Duprees") transferred Peacock

AO 72A
(Rev. 8/82)

Avenue to their daughter Elaine Sheffield ("Sheffield") in 2004. The consideration cited in the deed was Love and Affection and the Duprees reserved a life estate unto themselves in Peacock Avenue. The Duprees are elderly and not in good health. In fact, Mrs. Dupree was unable to attend the trial because of her poor health. They reside at the Peacock Avenue property. Their income consists of Mr. Dupree's wages as a carton assembler at the Anchor Glass plant. The Duprees filed a chapter 13 bankruptcy case no. 05-30238 in 2005. Upon the Duprees' request, their chapter 13 bankruptcy case was converted to a chapter 7 bankruptcy case on August 2, 2005. Scott Klosinski ("Klosinski") was appointed the Chapter 7 Trustee. Sheffield filed her own chapter 13 bankruptcy case, case number 05-30750 in 2005. Sheffield's case was converted to a chapter 7 bankruptcy on March 15, 2010 and Todd Boudreaux was appointed trustee at that time.

The Duprees received their bankruptcy discharge in 2006. Mr. Klosinski filed an adversary against Sheffield to set aside the conveyance of the Peacock Avenue property from the Duprees to Sheffield as a fraudulent transfer. This matter was settled by consent order in 2007 with Klosinski being allowed a $20,000.00 claim in Sheffield's bankruptcy case.

In late 2008, Sheffield and the Duprees borrowed

2

$38,400.00 from the Bank of Eastman pledging the Peacock Avenue property as collateral for the loan. This loan was entered into without notice to, or approval of, the Bankruptcy Court. The intent of this loan was to pay off Sheffield's chapter 13 bankruptcy plan. At that time, Klosinski had filed a claim; however, it was after the bar date. As the docket reflects, Debtor objected to the late claim and sought modification of the plan. Since the claim was highly contested, the order and judgment allowing Klosinski's $20,000.00 late claim was not entered until four months <u>after</u> Sheffield tendered the money to the chapter 13 trustee in an effort to pay her case off.

Thereafter, the Duprees filed another chapter 13 bankruptcy, Chapter 13 Case No. 09-30192. This case remains pending.

In 2009, Sheffield sold the real property at 1200 North Street ("North Street") to a third party for $21,000.00. She sold this property without notice to, or the approval of the Bankruptcy Court.

Then, in 2010 Sheffield's chapter 13 bankruptcy was converted to a chapter 7. She received her discharge in October 2010.

3

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. §363(h) the Trustee seeks authority to conduct a forced sale of the Peacock Avenue free and clear of all liens. As to the Bank of Eastman, the Trustee seeks to avoid the Bank's security interest in Peacock Avenue pursuant to 11 U.S.C. §549.[1]

> Section 363(h) provides:
>
> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of

---

[1] At trial, the Trustee represented that the §549 post-petition transfer issue could be litigated after the sale was conducted to determine if the lien is valid and therefore would attach to the sale proceeds.

4

> electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. §363(h). The Trustee has the burden of proof to establish each of the elements of §363(h) by a preponderance of the evidence. In re Heinze, 2008 WL 3200216, *2 (Bankr. M.D.N.C. August 1, 2008). The Duprees are in a chapter 13 bankruptcy and the Trustee is not the trustee in their case.[2]

After reviewing the evidence and considering the candor and demeanor of the witnesses and the arguments of counsel, I find the Trustee has failed to carry his burden of proof as to §363(h)(3). Namely, he has not established that the benefit to the Sheffield estate outweighs the detriment to the Duprees, the co-owners. "In determining whether the benefit to the estate outweighs the detriment to the co-owner, the Court must consider the economic and emotional detriment which the co-owner would face." In re Griffin, 123 B.R. 933, 936 (Bankr. S.D. Fla. 1991)(denying sale under 363(h) where the impact of involuntary displacement from

---

[2] Under 11 U.S.C. §549, the trustee in the case may avoid a transfer that occurred post-petition in a case in which he currently is the trustee. See Boudreaux v. Holloway, Chapter 7 Case No. 09-30446, Adv. Proc. No. 10-3015, slip op. at *24 (Bankr. S.D. Ga. March 30, 2012)(chapter 7 trustee does not have standing to avoid post-petition transfer that occurred in a prior bankruptcy case in which he was not the trustee). The Trustee, Mr. Boudreaux, is not the trustee in the Dupree's chapter 13 bankruptcy.

5

residence of 14 years would be severe on the co-owner). Courts may look at factors such as life expectancy of the co-owners and their contributions to the price and expenses of the property. <u>In re Gauthreaux</u>, 206 B.R. 502, 506 (Bankr. N.D. Ill. 1997)(denying sale where detriment to co-owner would be severe and where the debtor did not put forth any money toward purchase of the property).

In the case <u>sub judice</u>, both Mr. and Mrs. Dupree are elderly and not in good health. The Peacock Avenue property is their home place. There was no evidence submitted at trial that the Duprees have any other place to reside. While acknowledging that Sheffield's bankruptcy estate may benefit from the sale of Peacock Avenue if the transfer to Bank of Eastman could be avoided, the detriment to the Duprees would be severe. The ability of the Duprees to find alternative housing is questionable. The Duprees' only living child, Sheffield could not provide a home for the Duprees either. Sheffield testified that when she is not staying at her parents' house or Peacock Avenue she stays with a companion in a residence where the electricity has been disconnected for failure to pay the utility bills.

Under §363(h)(3) the benefit to Sheffield's bankruptcy estate from a sale free and clear of the interests of the co-owners, must out weigh the detriment to the co-owners. "Where the benefit

6

to the estate is small or speculative and the impact on the co-owner's life is large, courts have denied a trustee's request to sell a personal residence." In re Zeigler, 320 B.R. 362, 383 (Bankr. N.D. Ill. 2005). Given the specific facts and circumstances of this case, I find this element has not been established. Ms. Sheffield received a remainder interest in this property from her parents, the Duprees, for Love and Affection but no monetary consideration. While her parents are elderly and not in good health, there has been no valuation of the various property interests. Furthermore, the Duprees and Sheffield are jointly and severally liable on the Bank of Eastman loan. The proceeds were used in an effort to pay Sheffield's bankruptcy case out but each borrower pledged their respective interests to the bank as collateral for the loan. It is unclear as to the amount of the money the Sheffield's bankruptcy estate would receive from the sale of Peacock Avenue since Sheffield only has a remainder interest. I find the Trustee has not established the benefit to the Sheffield bankruptcy estate outweighs the detriment to the co-owners, the Duprees.

7

For the foregoing reasons and the reasons set forth on the record at trial, is it therefore ORDERED that the Trustee's complaint to sell pursuant to 11 U.S.C. §363(h) is DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 14th day of December, 2012.

AO 72A
(Rev. 8/82)